IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RUSSELL WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 25-97-GBW-LDH |
| | ) | |
| CITY OF MILFORD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Russell Walker initiated this civil action *pro se*, purporting to allege violations of the Americans with Disabilities Act, the Racketeer Influenced and Corrupt Organizations Act, the Civil Rights Act of 1964, and other miscellaneous statutes. (D.I. 2). Plaintiff moved for leave to proceed *in forma pauperis*, which motion was granted on January 31, 2025. (D.I. 5). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b). (D.I. 6). For the reasons set forth below, the Court recommends that this action be dismissed with prejudice.

JUN - 5 2025

### I. BACKGROUND

U.S. DISTRICT COURT DISTRICT OF DELAWARE

Facts taken from the Complaint are assumed to be true for screening purposes. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

Plaintiff was arrested in or around June of 2021 and later convicted of a DUI. Alleging that his arrest was discriminatory, Plaintiff contends that the City of

Milford Police Department unlawfully profiled him as a "likely alcoholic" due to his age, race, and gender. He was sentenced to complete coursework with Brandywine Community Counseling Services (BCCS) and similarly maintains that BCCS has a "long history of abuse and discrimination of the disabled."

To seek redress for this alleged discrimination, in 2023 Plaintiff sued (among others) the City of Milford, Bay Health Hospital, and BCCS alleging state law, ADA, constitutional, and other miscellaneous federal claims in this Court. *See generally Walker v. State Of Delaware*, C.A. No. 23-00020-CFC (D. Del.). At screening, Chief Judge Connolly dismissed with prejudice Plaintiff's claims and held that they were frivolous. (C.A. No. 23-00020-CFC at D.I. 10 at 7-8). Plaintiff appealed. (C.A. No. 23-00020-CFC at D.I. 12). The Third Circuit dismissed Plaintiff's appeal as untimely. (*Id.* at D.I. 15).

Plaintiff filed this action on January 22, 2025 relying on the same predicate facts to reassert federal discrimination-based claims. Plaintiff further contends that the Chief Judge's dismissal of his earlier action violated RICO.

## II. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

2

defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies "on an 'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A

3

complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

Employing the less stringent standard afforded to *pro se* litigants, *see Erickson*, 551 U.S. at 94, the Court finds that the allegations set forth in the Complaint do not state a claim.

Plaintiff's claims under the ADA, the Civil Rights Act of 1964, and "Federal hate crime laws" are barred by claim preclusion. Claim preclusion, also known as res judicata, bars "relitigation of an adjudicated claim between parties and those in

privity with them." *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 392 (3d Cir. 2002) (internal citations omitted). Claim preclusion applies when there has been (1) a final judgment on the merits in a prior lawsuit involving; (2) the same parties or their privies; and (3) a subsequent suit based on the same cause of action. *Nayak v. McNees Wallace & Murick LLC*, 700 F. App'x 172, 175 (3d Cir. 2017) (citing *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)). The doctrine bars not only claims that were brought in a previous action, but also claims that could have been brought. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008) (internal citation omitted). As discussed by the Third Circuit, "[p]recluding 'parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Id.* (quoting *Montana v. United States*, 440 U.S. 147, 153-54 (1979)). Courts have held that actions may be precluded at the screening stage. *See, e.g., West v. Ellis*, C.A. No. 18-1826 (MN), 2021 WL 4169794, at *1 (D. Del. Sept. 14, 2021); *St. Louis v. Haller*, 215 F. Supp. 3d 307, 313 (D. Del. 2016).

Here, Plaintiff's lawsuit asserts claims based on the same facts and against many of the same defendants as his 2023 lawsuit. *Compare Walker v. State Of*

5

*Delaware*, C.A. No. 23-00020-CFC (D. Del.) at D.I. 2, 10 (against the State of Delaware, City of Milford, Bay Health Hospital, BCCS, and others alleging state law, ADA, constitutional, and other miscellaneous federal claims based on allegedly impermissible discrimination resulting in Plaintiff's 2021 arrest and conviction), *with Walker v. City of Milford*, C.A. No. 25-97-GBW-LDH (D. Del.) at D.I. 2 (against the City of Milford, Bay Health Hospital, BCCS, and the State of Delaware Attorney General alleging discrimination claims under ADA, the Civil Rights Act and "Federal hate crime laws" based on allegedly impermissible discrimination resulting in Plaintiff's 2021 arrest and conviction). Chief Judge Conolly's dismissal with prejudice of Plaintiff's 2023 action serves as a final judgment on the merits. *Napier v. Thirty or More Unidentified Federal Agents, etc.*, 855 F.2d 1080, 1087 (3d Cir. 1988).

To the extent Plaintiff now seeks relief under a different statute from a differently-named defendant based on the same underlying facts as his 2023 action does not change the outcome. "Claim preclusion turns not on the specific legal theory asserted but on the essential similarity of the underlying events that give rise to the various legal claims." *Jackson v. Dow Chem. Co.*, 518 F. App'x 99, 102 (3d Cir. 2013). Indeed, Plaintiff's claims under the Civil Rights Act and miscellaneous federal statutes could have been raised in his 2023 action. *In re Mullarkey*, 536 at

225; *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 276 (3d Cir. 2014) ("A claim extinguished by res judicata includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose."). And any distinction between the "State of Delaware" named as a defendant in 2023 and "the State of Delaware Attorney General" named as a defendant in the instant suit is "immaterial" for claim preclusion purposes because the doctrine "'may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants.'" *Hickox v. Cnty. of Blair*, 591 F. App'x 107, 110 n. 2 (3d Cir. 2014) (quoting *Lubrizol*, 929 F.2d at 966); *Gambocz v. Yelencsics*, 468 F.2d 837, 841 (3d Cir. 1972). Accordingly, the Court finds these claims barred by claim preclusion and recommends that they be dismissed with prejudice. *See Jackson v. Dow Chem. Co.*, 518 F. App'x 99, 103 (3d Cir. 2013) (affirming dismissal with prejudice where plaintiff's claims were barred by res judicata); *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 174 (3d Cir. 2009) (same).

Additionally, Plaintiff's criticisms of Chief Judge Connolly's dismissal are meritless. Chief Judge Connolly's ruling on Plaintiff's previous case fall squarely within the bounds of judicial immunity. *Copeland v. United States Dep't of Just.*,

675 F. App'x 166, 173 (3d Cir. 2017) (citing *Capogrosso v. Sup. Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009)). Plaintiff alleges no facts to deviate from this principle, remaindering his RICO claim meritless. And, to the extent Plaintiff maintains the Chief Judge erred in dismissing the 2023 action, Plaintiff failed to timely appeal. C.A. No. 23-00020-CFC at D.I. 12, D.I. 15.

Accordingly, because Plaintiff's claims are legally baseless and must be dismissed as frivolous pursuant to § 1915(e)(2)(B)(i), I recommend that the Complaint (D.I. 2) be dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that the Complaint be dismissed with prejudice.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages. Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court.

Plaintiffs are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which can be found on the Court's website.

                                                       _____
                                                       Laura D. Hatcher
                                                       United States Magistrate Judge

Dated: June 5, 2025